■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM WILDER, Appellant.— In two *coram nobis* proceedings, defendant appeals from two orders of the County Court, Westchester County, entered June 24, 1964 and December 29, 1965, respectively, each of which, without a hearing, denied a respective application by him to vacate a judgment of said court, rendered August 9, 1961, convicting him of robbery and grand larceny (both in the first degree) and grand larceny and assault (both in the second degree), upon a jury verdict, and imposing sentence on the robbery count only. The judgment was affirmed (18 A D 2d 668). Order entered December 29, 1965 affirmed. Order entered June 24, 1964 reversed, on the law, and proceeding remitted to the County Court, Westchester County, for the purpose of holding a hearing on the issue presented. No questions of fact were considered. In our opinion, defendant's assertion that codefendant Smith was promised leniency is markedly consistent with the events at the trial and at Smith's sentencing. In addition, the minutes of Smith's arraignment upon and plea of guilty to an unrelated indictment, at which some understanding might have been reached, cannot be located. In view of these facts and in view of the remarks made by the Judge upon the sentencing of Smith, we deem it necessary that a hearing be held to determine whether any promise of leniency had been made

to Smith to induce him to co-operate with the District Attorney in the prosecution of this defendant. The hearing should be limited to the issues of promise of leniency and the use of Smith's testimony as to any such promise, in view of our affirmance of the order entered December 29, 1965. The allegations contained in the application which resulted in the order of December 29, 1965 were conclusory and lacked factual evidence to support them. A hearing is not required under such circumstances (*People* v. *Fanning*, 300 N. Y. 593; *People* v. *Altruda*, 5 N Y 2d 970). Ughetta, Acting P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.